**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

STACY NEWHOUSE,

Plaintiff,

v. Case No. 6:13-cv-1720-Orl-37KRS

FLORIDA AID TO ANIMALS SPAY/NEUTER MEDICAL FACILITY, INC.,

Defendant.

---

## ORDER

This cause is before the Court on the following:

1. Defendant's Motion to Dismiss (Doc. 4), filed in state court on July 22, 2013;
2. Defendant's Motion to Dismiss (Doc. 5), filed November 5, 2013; and
3. Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Doc. 15), filed November 19, 2013.

Upon consideration, the Court finds that the two Motions to Dismiss are due to be denied.

## BACKGROUND

This is an action for "sex/pregnancy discrimination" under the Florida Civil Rights Act (Count One) and under the Pregnancy Discrimination Act (Count Two). (Doc. 2.) Defendant's two motions raise the question of whether there is a "cause of action for pregnancy discrimination" under the Florida Civil Rights Act ("FCRA"). (Doc. 5, p. 2; Doc. 4, p. 1.) This question of law is ripe for resolution.

## STANDARDS

To avoid dismissal under Rule 12(b)(6), the factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must dismiss a cause of action when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas. Dist.*, 992 F. 2d 1171, 1174 (11th Cir. 1993).

## DISCUSSION

Defendant bases its Motions to Dismiss on a simple proposition of law—that there "is no cause of action for pregnancy discrimination under the FCRA." (Doc. 5, p. 3.) Defendant concedes, however, that no consensus exists concerning this proposition. (*Id.* at 3–5.) Rather, a division exists in the Florida intermediate courts, and that division has not yet been resolved by the Florida Supreme Court. *Compare O'Loughlin v. Pinchback*, 579 So. 2d 788 (Fla. 1st DCA 1991) (holding that pregnancy discrimination claims are not cognizable under the FCRA), *and Delva v. The Cont'l Grp.*, 96 So. 3d 956, 958 (Fla. 3d DCA 2012), *review granted*, No. SC12-2315 (May 2, 2013), *with Carsillo v. City of Lake Worth*, 995 So. 2d 1118 (Fla. 1st DCA 2008) (holding that pregnancy discrimination claims are cognizable under the FCRA), *and Carter v. Health Mgmt. Assoc.*, 989 So. 2d 1258 (Fla. 2d DCA 2008) (holding that it would be objectively reasonable for an employee to believe that the FCRA prohibits pregnancy discrimination). *See also Hubbard v. Meritage Homes of Fla., Inc.*, 520 F. App'x 859, 862, n.3 (11th Cir. 2013) (noting that it is an "open question" whether the FCRA

"recognizes claims of pregnancy discrimination").

Where, as here, the Florida Supreme Court has not ruled on a question of Florida law, and Florida's intermediate courts are not in agreement, this Court must predict how the Florida Supreme Court would resolve the disagreement. *Vandenbark v. Owens-Ill. Glass Co.*, 311 U.S. 538 (1941); *Trail Builders Supply Co. v. Reagan*, 409 F.2d 1059, 1061 (5th Cir. 1969); *e.g., Nunez v. Geico Gen. Ins. Co.*, 685 F.3d 1205, 1210 (11th Cir. 2012). Consistent with the analysis set forth in *Glass v. Captain Katanna's, Inc.*, No. 6:13-cv-421-Orl-19GJK, 2013 WL 3017010, at *8 (M.D. Fla. June 17, 2013), this Court predicts that the Florida Supreme Court will rule that "discrimination based on pregnancy is an 'unlawful employment practice' under the FCRA." As noted in *Glass*, this prediction is supported by a plain reading of the FCRA and comports with the directive of the Florida legislature to "liberally" construe the FCRA. *Id.*; *see* Fla. Stat. § 760.01(3); *e.g., Veale v. Fla. Dep't of Health*, No. 2:13-cv-77-FtM-38UAM, 2013 WL 5703577, at *7 (M.D. Fla. July 29, 2013) (adopting the reasoning of *Glass* and denying a motion to dismiss). Because the Court disagrees with Defendant that pregnancy discrimination claims are not cognizable under the FCRA, the Defendant's motions are due to be denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss (Doc. 4) is **DENIED.**

2. Defendant's Motion to Dismiss (Doc. 5) is **DENIED.**

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 20, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record